**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Nebraska
(State)

Case number *(if known)*: _____   Chapter  11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| **1.  Debtor's Name** | ShopKo Holding Company, LLC | |

**2.  All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3.  Debtor's federal Employer Identification Number** (EIN)

20-3940171

**4.  Debtor's address**

**Principal place of business**

**700 Pilgrim Way**
Number        Street

**Green Bay, Wisconsin 54304**
City                          State        Zip Code

**Brown**
County

**Mailing address, if different from principal place of business**

Number            Street

P.O. Box

City                          State    Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                          State    Zip Code

**5.  Debtor's website** (URL)

**http://www.shopko.com**

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

Debtor       ShopKo Holding Company, LLC                                    Case number *(if known)* _____
             Name

**7.  Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
    _4522_

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

   ☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒  A plan is being filed with this petition.

   ☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

   ☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes.    District  _____  When  _____  Case number  _____
                                              MM/DD/YYYY
           District  _____  When  _____  Case number  _____
                                              MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐  No
☒  Yes.    Debtor  **See Rider 1**                          Relationship  **Affiliate**

           District  **District of Nebraska**               When
                                                                   **01/16/2019**
           Case number, if known  _____           MM / DD / YYYY

Debtor       ShopKo Holding Company, LLC
        Name
                                                                                 Case number *(if known)*

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

                          Number       Street

                          City                   State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency

            Contact name

            Phone

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | ShopKo Holding Company, LLC | Case number (if known) | |
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **01/16/2019**
MM/ DD / YYYY

✗ _____
Signature of authorized representative of debtor

Title  **Chief Executive Officer**

**Russell Steinhorst**
Printed name

**18. Signature of attorney**

✗ **/s/ James J. Niemeier**
Signature of attorney for debtor

Date  **01/16/2019**
MM/ DD/YYYY

**James J. Niemeier**
Printed name

**McGrath North Mullin & Kratz, P.C. LLO**
Firm name

**First National Tower, Suite 3700, 1601 Dodge Street**
Number        Street

**Omaha**
City

**NE**          **68102**
State          ZIP Code

**(402) 341-3070**
Contact phone

**jniemeier@mcgrathnorth.com**
Email address

**18838**                    **NE**
Bar number                State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Nebraska
(State)

Case number *(if known):*  _____    Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Nebraska for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Specialty Retail Shops Holding Corp.

- Specialty Retail Shops Holding Corp.
- SVS Trucking, LLC
- ShopKo Stores Operating Co., LLC
- Shopko Properties, LLC
- ShopKo Optical Manufacturing, LLC
- ShopKo Institutional Care Services Co., LLC
- ShopKo Holding Company, LLC
- Shopko Gift Card Co., LLC
- ShopKo Finance, LLC
- Retained R/E SPE, LLC
- Place's Associates Expansion, LLC
- Penn-Daniels, LLC
- Pamida Transportation, LLC
- Pamida Stores Operating Co., LLC

**Fill in this information to identify the case:**

Debtor name: Specialty Retail Shops Holding Corp.

United States Bankruptcy Court for the District of Nebraska

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders       12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | MCKESSON DRUG COMPANY Attn: Ana Schrank One Post Street San Francisco, CA 94104 | MCKESSON DRUG COMPANY Attn: Ana Schrank PHONE: 800-210-6371 FAX: 415-983-7160 EMAIL: Ana.Schrank@mckesson.com | Vendor | | | | $69,768,494.57 |
| 2 | PROVIDER PAY Attn: Rich Sprung, SVP 5241 South State Street Unit #2 Murray, UT 84107 | PROVIDER PAY Attn: Rich Sprung, SVP PHONE: 801-716-4824 FAX: 855-214-2356 EMAIL: rich.sprung@providerpay.com | Vendor | | | | $5,712,540.64 |
| 3 | U.S. BANK GLOBAL CORPORATE TRUST SERVICES 111 Fillmore Ave E St. Paul, MN 55107-1402 | U.S. BANK GLOBAL CORPORATE TRUST SERVICES Attn: Yvonne Siira PHONE: 866-681-5052 EMAIL: Yvonne.siira@usbank.com | Bond | | | | $5,679,000.00 |
| 4 | BLACKHAWK NETWORK INC Attn: Imran Refai 6220 Stoneridge Mall Road Pleasanton, CA 94588 | BLACKHAWK NETWORK INC Attn: Imran Refai PHONE: 925-226-9927 FAX: 925-226-9083 EMAIL: bh.customerservice@bhnetwork.com; Imran.Refai@bhnetwork.com | Vendor | | | | $2,691,589.56 |
| 5 | AMERICAN RUG Attn: Tom Merriman, VP Sales c/o Mohawk Industries 160 South Industrial Blvd. Calhoun, GA 30701 | AMERICAN RUG Attn: Tom Merriman, VP Sales PHONE: 212-561-8791 x13 FAX: 706-625-3851 EMAIL: tom_merriman@mohawkind.com | Vendor | | | | $1,868,815.73 |
| 6 | RUSSELL STOVER CANDIES Attn: Lisa Sanoubane 4900 Oak Street Kansas City, MO 64112-2702 | RUSSELL STOVER CANDIES Attn: Lisa Sanoubane PHONE: 816-855-2493 FAX: 816-855-2356 EMAIL: Lisa.Sanoubane@rstover.com | Vendor | | | | $1,802,350.48 |
| 7 | HOME PRODUCTS INTERNATIONAL N A Attn: Rodney Bruner 4501 W. 47th Street Chicago, IL 60632 | HOME PRODUCTS INTERNATIONAL N A Attn: Rodney Bruner PHONE: 812- 522-5130 x 3661 FAX: 773-890-0523 EMAIL: homzinfo@homzproducts.com; rbruner@homzproducts.com | Vendor | | | | $1,640,046.13 |
| 8 | PAYLESS SHOESOURCE INCORPORATE Attn: Melanie DeWitt, VP Planning and Allocation 3231 SE 6TH AVENUE Topeka, KS 66607 | PAYLESS SHOESOURCE INCORPORATE Attn: Melanie DeWitt, VP Planning and Allocation PHONE: 785-559-6310 FAX: 785-295-6049 EMAIL: Melanie.DeWitt@Payless.com | Vendor | | | | $1,580,298.54 |

Debtor: Specialty Retail Shops Holding Corp.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 9 STAR PLASTICS INC Attn: Rajiv Goyal, Controller 1930 Drew Rd Mississauga, ON L5S 1J6 Canada | STAR PLASTICS INC Attn: Rajiv Goyal, Controller PHONE: 905-672-0298, x229 FAX: 905-672-0314 EMAIL: sales@starplastics.ca; rgoyal@starplastics.ca | Vendor | | | | $1,538,559.70 |
| 10 HAVAS MEDIA Attn: Kim Goldstein, VP, Account Director, Local Investments 200 Hudson Street New York, NY 10014 | HAVAS MEDIA Attn: Kim Goldstein, VP, Account Director, Local Investments PHONE: 646-587-5270 FAX: 212-886-5013 EMAIL: kim.goldstein@havasmedia.com | Vendor | | | | $1,494,365.59 |
| 11 ESSENDANT CO Attn: Sandra Palacios One Parkway North Blvd Deerfield, IL 60015 | ESSENDANT CO Attn: Sandra Palacios PHONE: 847-627-2012 FAX: 847-627-7001 EMAIL: SPalacios@essendant.com | Vendor | | | | $1,426,872.13 |
| 12 IMPACT INNOVATIONS INCORPORATED Attn: Chris Yoose 223 SE 1st Ave Clara City, MN 56222 | IMPACT INNOVATIONS INCORPORATED Attn: Chris Yoose PHONE: 320-847-1304 FAX: 320-847-1350 EMAIL: info@impactinnovationsinc.com ; C.Yoose@impactinnovationsinc.com | Vendor | | | | $1,299,655.00 |
| 13 W APPLIANCE CO LLC Attn: Robert Radasevich, Outside Counsel 1356 Broadway 6th Floor New York, NY 10018 | W APPLIANCE CO LLC Attn: Robert Radasevich, Outside Counsel PHONE: 312-269-8039 FAX: 312-578-4947 EMAIL: Rradasevich@nge.com | Vendor | | | | $1,227,680.21 |
| 14 MINGTEL INC Attn: Mike Glasscock, Directory of Business Dev & Ops 6505 Windcrest Drive Suite 300 Plano, TX 75024-2921 | MINGTEL INC Attn: Mike Glasscock, Directory of Business Dev & Ops PHONE: 972-905-4592 FAX: 972-378-6758 EMAIL: mglassock@azpenpc.com | Vendor | | | | $1,213,501.32 |
| 15 TRACFONE WIRELESS INCORPORATED Attn: M. Drew Haynie, Senior Vice President, Ntl Retail Sales 9700 NW 112th Avenue Miami, FL 33178 | TRACFONE WIRELESS INCORPORATED Attn: M. Drew Haynie, Senior Vice President, Ntl Retail Sales PHONE: 800-933-3850, ext 3695 FAX: 305-640-2070 EMAIL: dhaynie@tracfone.com | Vendor | | | | $1,196,407.10 |
| 16 READERLINK DISTRIBUTION SERVICES INC Attn: Carol Munoz 1420 Kensington Road Suite 300 Oak Brook, IL 60523-2164 | READERLINK DISTRIBUTION SERVICES INC Attn: Carol Munoz PHONE: 708-356-3713 FAX: 479-464-4932 EMAIL: cmunoz@readerlink.com | Vendor | | | | $1,140,936.98 |
| 17 HanesBrands Attn: Susan Venable & Maday Cuenca 1000 East Hanes Mill Road Winston Salem, NC 27105 | HanesBrands Attn: Susan Venable & Maday Cuenca PHONE: 336-519-4821 336-519-8537 FAX: 336-519-0524 EMAIL: Susan.Venable@hanesbrands.com ; Maday.Cuenca@hanes.com | Vendor | | | | $1,120,382.57 |
| 18 TRILLIANT FOOD & NUTRITION Attn: Mike Upchurch, Owner/CEO 1101 Moasis Drive Little Chute, WI 54140 | TRILLIANT FOOD & NUTRITION Attn: Mike Upchurch, Owner/CEO PHONE: 920-788-1252 FAX: 920-788-1543 EMAIL: mupchurch@trilliantfood.com | Vendor | | | | $1,051,855.64 |

Debtor: Specialty Retail Shops Holding Corp.

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 19 | U S NUTRITION<br>Attn: Lou Donadio, VP<br>c/o Nature's Bounty<br>2100 Smithtown Avenue<br>Ronkonkoma, NY 11779 | U S NUTRITION<br>Attn: Lou Donadio, VP<br>PHONE: 479-366-0292<br>FAX: 631-281-7341<br>EMAIL: ldonadio@nbty.com | Vendor | | | | $1,043,236.67 |
| 20 | ONTEL PRODUCTS CORPORATION<br>Attn: Mike Lakhiani, Representative, LASA Sales & Consult<br>21 Law Drive<br>Fairfield, NJ 07004 | ONTEL PRODUCTS CORPORATION<br>Attn: Mike Lakhiani, Representative, LASA Sales & Consult<br>PHONE: 973-521-8530<br>FAX: 973-439-9024<br>EMAIL: mike@lasasales.com | Vendor | | | | $1,003,621.80 |
| 21 | COLEMAN COMPANY INCORPORATED<br>Attn: Lisa Tanner<br>3600 North Hydraulic Avenue<br>Wichita, KS 67219 | COLEMAN COMPANY INCORPORATED<br>Attn: Lisa Tanner<br>PHONE: 316-832-6263<br>FAX: 316-832-3060<br>EMAIL: ltanner@coleman.com | Vendor | | | | $998,964.15 |
| 22 | HNW INDUSTRY INC DBA FLYP SPORTSWEAR<br>Attn: Jody Fleischmann, Co-Owner<br>1384 Broadway<br>Room 1000S<br>New York, NY 10018 | HNW INDUSTRY INC DBA FLYP SPORTSWEAR<br>Attn: Jody Fleischmann, Co-Owner<br>PHONE: 212-624-7797<br>FAX: 212-971-9203<br>EMAIL: jody@flypusa.com | Vendor | | | | $997,880.43 |
| 23 | UNITED PARCEL SERVICE<br>Attn: D. Scott Davis<br>55 Glenlake Parkway NE<br>Atlanta, GA 30328 | UNITED PARCEL SERVICE<br>Attn: D. Scott Davis<br>PHONE: 404-828-6000<br>FAX: 404-828-7666<br>EMAIL: contactcenter@ups.com | Vendor | | | | $933,601.87 |
| 24 | BERGENSONS PROPERTY SERVICES INC<br>1575 Henthorne Drive<br>Maumee, OH 43537 | BERGENSONS PROPERTY SERVICES INC<br>PHONE: 800-537-1375<br>FAX: 419-867-4295<br>EMAIL: | Vendor | | | | $858,382.92 |
| 25 | ADIDAS AMERICA INCORPORATED<br>Attn: Linda Canull/Brian Eliasson<br>5055 N Greeley Avenue<br>Portland, OR 97217 | ADIDAS AMERICA INCORPORATED<br>Attn: Linda Canull/Brian Eliasson<br>PHONE: (317) 895-7188<br>800 423 4327<br>FAX: 971-234-2450<br>EMAIL: linda.canull@adidas-group.com<br>brian.eliasson@adidas-group.com | Vendor | | | | $835,465.30 |
| 26 | ROYAL APPLIANCE MANUFACTURING<br>Attn: David Zazworsky, General Manager, Sales<br>650 Alpha Drive<br>Cleveland, OH 44143 | ROYAL APPLIANCE MANUFACTURING<br>Attn: David Zazworsky, General Manager, Sales<br>PHONE: 404-667-0804<br>FAX: 216-449-7806<br>EMAIL: davidzazworsky@ttifloorcare.com | Vendor | | | | $832,043.71 |
| 27 | MELISSA & DOUG LLC<br>Attn: David Postlethwaite<br>141 Danbury Road<br>Wilton, CT 06897 | MELISSA & DOUG LLC<br>Attn: David Postlethwaite<br>PHONE: 203-762-4500<br>FAX: 203-846-8128<br>EMAIL: dpostlethwaite@melissaanddoug.com | Vendor | | | | $787,733.28 |
| 28 | HASBRO INCORPORATED<br>Attn: Scott Russell<br>1027 Newport Avenue<br>Pawtucket, RI 02861-2500 | HASBRO INCORPORATED<br>Attn: Scott Russell<br>PHONE: 401 431-8123<br>FAX: 401-727-5099<br>EMAIL: Scott.Russell@hasbro.com | Vendor | | | | $708,463.50 |
| 29 | ENGIE Group<br>Attn: Mary Ahmann, Client Service Director<br>1, Place Samuel de Champlain<br>Faubourg de l'Arche<br>Paris la Defense 92930<br>France | ENGIE Group<br>Attn: Mary Ahmann, Client Service Director<br>PHONE: 615 900 6017<br>FAX: 33-1-5991-2005<br>EMAIL: mary.ahmann@engie.com | Vendor | | | | $700,143.78 |

Debtor: Specialty Retail Shops Holding Corp.

Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 30 | WONDERFUL PISTACHIOS &  ALMONDS 11444 W Olympic Blvd #310 Los Angeles, CA 90064-1544 | WONDERFUL PISTACHIOS & ALMONDS PHONE: 310-966-5700 FAX: EMAIL: comments@wonderful.com | Vendor | | | | $679,061.66 |

**Chapter 11 Cases:  List of Creditors Who Have the 30 Largest Unecured Claims**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOPKO HOLDING COMPANY, LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| ShopKo Holding Company, LLC | Specialty Retail Shops Holding Corp. | 700 Pilgrim Way<br>Green bay, Wisconsin 54304 | 100% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHOPKO HOLDING COMPANY, LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**<u>CORPORATE OWNERSHIP STATEMENT</u>**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Specialty Retail Shops Holding Corp. | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name ____ ShopKo Holding Company, LLC | |
| United States Bankruptcy Court for the: | District of Nebraska |
| | (State) |
| Case number (if known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____ _   List of Equity Security Holders and Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**01/16/2019**
MM/ DD/YYYY

☒ _____
Signature of individual signing on behalf of debtor

**Russell Steinhorst**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS
OF THE BOARDS OF DIRECTORS, SOLE GOVERNING BODY,
AND SOLE GOVERNING BODY AND MANAGER**

**<u>Dated as of January 15, 2019</u>**

The undersigned, being the board of directors, board of managers, or sole member, as applicable (each, the "<u>Governing Body</u>"), of the applicable entity set forth on <u>Annex A</u> attached hereto (each, a "<u>Company</u>," and, collectively, the "<u>Companies</u>"), hereby take the following actions and adopt the following resolutions pursuant to (as applicable) the bylaws, limited liability company agreement, limited partnership agreement or similar document (in each case as amended or amended and restated to date) of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on <u>Annex A</u>:

**Chapter 11 Filing**

WHEREAS, each Governing Body has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business; and

WHEREAS, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "<u>Chapter 11 Case</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in a court of proper jurisdiction (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

RESOLVED, that any officers or managers of each Company (collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "<u>Kirkland</u>") as general bankruptcy counsel to represent and

assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of McGrath North Mullin & Katz PC LLO ("McGrath North") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McGrath North.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Houlihan Lokey Capital, Inc. ("Houlihan") as investment banker to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by each Governing Body, creditors, or other third parties, as requested by each Company, evaluating each Company's capital structure, responding to issues related to each Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of each Company's assets; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Houlihan.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Berkeley Research Group, LLC ("BRG"), as restructuring advisor, and to take any and all actions to advance each of each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of BRG.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Hilco Real Estate, LLC ("Hilco") as real estate consultant to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Hilco.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Willkie Far & Gallagher LLP ("Willkie") as counsel in connection with the matters delegated to that certain Special Committee of the Board of Directors of Specialty Retail Shops Holding Corp. (the "Special Committee") and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Willkie.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Ducera Partners LLC ("Ducera") as financial advisor in connection with the matters delegated to the Special Committee and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ducera.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection

RESOLVED, that each Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code

(the "<u>Cash Collateral</u>"), which is security for certain prepetition secured lenders (collectively, the "<u>Secured Lenders</u>") party to that certain Third Amended and Restated Loan and Security Agreement, dated as of February 7, 2012 (as amended from time to time), by and among Specialty Retail Shops Holding Corp., as borrower, and its subsidiaries as borrowers or guarantors, certain lenders party thereto, and Wells Fargo Bank, N.A. and Spirit Realty, Inc., in their capacities as administrative agents, and (b) the incurrence of debtor-in-possession financing obligations (the "<u>DIP Financing</u>").

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Lenders (the "<u>DIP Obligations</u>"), as documented in a proposed interim order (the "<u>Interim DIP Order</u>") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is,  authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "<u>DIP Documents</u>"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Document (collectively, the ("<u>DIP Transactions</u>"), including granting liens on its assets to secure such obligations.

RESOLVED, that the Authorized Signatories of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name each Company that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the Interim DIP Order or any of the other DIP Documents.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the Interim DIP Order or any of the other DIP Documents and the transactions contemplated  therein and to carry out fully the intent of the foregoing resolutions.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as

the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this Written Consent on behalf of each Governing Body as of the date above first written.

**Specialty Retail Shops Holding Corp.**

Name:  Russell L. Steinhorst
Director

Name:  Casey Lanza
Director

Name:  Donald Roach
Director

Name:  Mohsin Meghji
Director

Name:  Steve Winograd
Director

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this Written Consent on behalf of each Governing Body as of the date above first written.

**Specialty Retail Shops Holding Corp.**


_____
Name:  Russell L. Steinhorst
Director


_____
Name:  Casey Lanza
Director


_____
Name:  Donald Roach
Director


_____
Name:  Mohsin Meghji
Director


_____
Name:  Steve Winograd
Director

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this Written Consent on behalf of each Governing Body as of the date above first written.

**Specialty Retail Shops Holding Corp.**

_____
Name:  Russell L. Steinhorst
Director


_____
Name:  Casey Lanza
Director


_____
Name:  Donald Roach
Director


_____
Name:  Mohsin Meghji
Director


_____
Name:  Steve Winograd
Director

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this Written Consent on behalf of each Governing Body as of the date above first written.

**Specialty Retail Shops Holding Corp.**


_____
Name:  Russell L. Steinhorst
Director


_____
Name:  Casey Lanza
Director


_____
Name:  Donald Roach
Director


_____
Name:  Mohsin Meghji
Director


_____
Name:  Steve Winograd
Director

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this Written Consent on behalf of each Governing Body as of the date above first written.

**Specialty Retail Shops Holding Corp.**


_____

Name:  Russell L. Steinhorst
Director


_____

Name:  Casey Lanza
Director


_____

Name:  Donald Roach
Director


_____

Name:  Mohsin Meghji
Director


_____

Name:  Steve Winograd
Director

**Shopko Finance, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Specialty Retail Shops Holding Corp., the sole member of Shopko Finance, LLC

**Shopko Holding Company, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Specialty Retail Shops Holding Corp., the sole member of Shopko Holding Company, LLC

**Retained R/E SPE, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Holding Company, the sole member of Retained R/E SPE, LLC

**Shopko Stores Operating Co., LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Holding Company, the sole member of Shopko Stores Operating Co., LLC

**Shopko Institutional Care Services Co., LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Stores Operating Co., LLC, the sole member of Shopko Institutional Care Services Co., LLC

**Shopko Optical Manufacturing, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Stores Operating Co., LLC, the sole member of
Shopko Optical Manufacturing, LLC

**SVS Trucking, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Stores Operating Co., LLC, the sole member of
SVS Trucking, LLC

**Penn-Daniels, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Stores Operating Co., LLC, the sole member of
Penn-Daniels, LLC

**Shopko Properties, LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Stores Operating Co., LLC, the sole member of
Shopko Properties, LLC

**Pamida Stores Operating Co., LLC**

Name:  Russell L. Steinhorst
Title:  As Chief Executive Officer of Shopko Stores Operating Co., LLC, the sole member of
Pamida Stores Operating Co., LLC

**Pamida Transportation LLC**

Name:   Russell L. Steinhorst
Title:  As Chief Executive Officer of Pamida Stores Operating Co., LLC, the sole member of
Pamida Transportation LLC

**Pamida Associates' Expansion, LLC**

Name:   Russell L. Steinhorst
Title:  As Chief Executive Officer of Pamida Stores Operating Co., LLC, the sole member of
Pamida Associates' Expansion, LLC

**Annex A**

| Company | Jurisdiction |
| --- | --- |
| Specialty Retail Shops Holding Corp. | Delaware |
| Shopko Finance, LLC | Delaware |
| ShopKo Holding Company, LLC | Wisconsin |
| Retained R/E SPE, LLC | Delaware |
| Shopko Stores Operating Co., LLC | Delaware |
| ShopKo Institutional Care Services Co., LLC | Wisconsin |
| ShopKo Gift Card Co., LLC | Minnesota |
| SVS Trucking, LLC | Minnesota |
| Penn-Daniels, LLC | Delaware |
| ShopKo Properties, LLC | Minnesota |
| Pamida Stores Operating Co., LLC | Delaware |
| Place's Associates' Expansion, LLC | Missouri |
| Pamida Transportation LLC | Nebraska |